UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF LOUISIANA
ALEXANDRIA DIVISION

| | |
|---|---|
| ROOSEVELT WALKER III,<br>Plaintiff | CIVIL ACTION NO. 1:16-CV-1299-P |
| VERSUS | JUDGE JAMES T. TRIMBLE, JR. |
| KEITH DEVILLE, ET AL.,<br>Defendants | MAGISTRATE JUDGE PEREZ-MONTES |

REPORT AND RECOMMENDATION

Before the Court is the civil rights complaint (42 U.S.C. § 1983) of pro se Plaintiff Roosevelt Walker III (#577918) ("Walker"), filed *in forma pauperis*. Walker is an inmate in the custody of the Louisiana Department of Corrections, presently incarcerated at the Avoyelles Correctional Center in Cottonport, Louisiana. Walker complains that was denied medical care when he was housed at Winn Correctional Center ("WCC"). Walker names as defendants Warden Keith Deville, Dr. Singleton, Ami Brunson, Kathy Richardson, WCC, and LaSalle Corrections, a prison management company.

This matter has been referred to the undersigned for review, report, and recommendation in accordance with the provisions of 28 U.S.C. § 636 and the standing orders of the Court.

I. **Background**

Walker alleges that, on November 13, 2015, he was prescribed Keppra for nerve pain. (Doc. 1, p. 3). Walker began to experience "headaches, dizziness, vomiting with spots of blood," and stomach pain. (Doc. 1, p. 3). Walker allegedly complained to

Dr. Singleton about these symptoms, and the doctor said it was "just [Walker's] nerves." (Doc. 1, p. 3).

Because Walker attributed his symptoms to the medication, Walker refused to take the Keppra on December 18, 2015. Thereafter, Dr. Singleton discontinued the medication. (Doc. 1, p. 3).

On a subsequent date, Walker was treated by another physician who said that Dr. Singleton should not have prescribed Keppra for nerve pain. (Doc. 1, p. 4).

II.   Law and Analysis

   A.   Walker's complaint is subject to screening under §§ 1915(e)(2) and 1915A.

Walker is a prisoner who has been allowed to proceed *in forma pauperis*. (Doc. 7). As a prisoner seeking redress from an officer or employee of a governmental entity, Walker's complaint is subject to preliminary screening pursuant to 28 U.S.C. § 1915A. See Martin v. Scott, 156 F.3d 578, 579–80 (5th Cir. 1998) (per curiam); Rosborough v. Mgmt. and Training Corp., 350 F.3d 459, 461 (5th Cir. 2003) (holding that prison management corporations and their employees are state actors under § 1983). Because he is proceeding *in forma pauperis*, Walker's complaint is also subject to screening under § 1915(e)(2). Both §§ 1915(e)(2)(B) and 1915A(b) provide for *sua sponte* dismissal of the complaint, or any portion thereof, if the Court finds it is frivolous or malicious, if it fails to state a claim upon which relief may be granted, or if it seeks monetary relief against a defendant who is immune from such relief.

A complaint is frivolous when it "lacks an arguable basis either in law or in fact." Neitzke v. Williams, 490 U.S. 319, 325 (1989). A claim lacks an arguable basis

in law when it is "based on an indisputably meritless legal theory." Id. at 327. A complaint fails to state a claim upon which relief may be granted when it fails to plead "enough facts to state a claim to relief that is plausible on its face." Bell Atl. Corp. v. Twombly, 550 U.S. 544, 570 (2007); Ashcroft v. Iqbal, 556 U.S. 662 (2009).

      B.      Walker fails to allege deliberate indifference by Defendants.

Walker alleges that Defendants have violated his constitutional rights under the Eighth Amendment. Prison officials violate the Eighth Amendment's proscription against cruel and unusual punishment when they act with "deliberate indifference" to the serious medical needs of prisoners. See Farmer v. Brennan, 511 U.S. 825, 834, (1994); Estelle v. Gamble, 429 U.S. 97, 105 (1976). Deliberate indifference "is an extremely high standard to meet." Gobert v. Caldwell, 463 F.3d 339, 346 (5th Cir. 2006) (citation omitted). An inmate must show that prison personnel "refused to treat him, ignored his complaints, intentionally treated him incorrectly, or engaged in any similar conduct that would clearly evidence a wanton disregard for any serious medical needs." Domino v. Tex. Dep't Crim. J., 239 F.3d 752, 756 (5th Cir. 2001) (quoting Johnson v. Treen, 759 F.2d 1236, 1238 (5th Cir. 1985)).

Walker has not presented factual allegations indicating that Defendants acted with deliberate indifference. Walker's allegations do not support his conclusion that Defendants ignored his complaints. Walker sought and received medical care on November 13, 2015. He was prescribed Keppra, but refused to continue taking that medication approximately one month later. (Doc. 1, p. 6).

Walker's allegations do not indicate that Defendants intentionally treated him incorrectly. When Walker arrived at WCC, he reported to the nurse that, at his prior prison, he had been taking Neurontin for nerve pain. (Doc. 1, p. 6). Walker was prescribed an alternative medication for nerve pain. According to Dr. Singleton, Neurontin and Keppra are both anti-seizure medications used to treat chronic nerve pain. (Doc. 1, p. 6).

The refusal to provide medicine that was prescribed at another facility or by a different doctor does not rise to the level of deliberate indifference. See Stewart v. Murphy, 174 F.3d 530, 535 (5th Cir. 1999). Walker clearly disagrees with the choice of medication provided, but disagreement with diagnosis or treatment cannot support a claim of deliberate indifference. See Banuelos v. McFarland, 41 F.3d 232, 235 (5th Cir. 1995); Varnado v. Lynaugh, 920 F.2d 320, 321 (5th Cir. 1991).

Walker has not presented non-conclusory allegations of deliberate indifference by the defendants. He has alleged negligence, at best. However, even unsuccessful medical treatment, acts of negligence, or medical malpractice do not constitute deliberate indifference. See Gobert, 463 F.3d at 346.

C. **Walker fails to state a claim against WCC or LaSalle Corrections.**

Walker names WCC and its management company, LaSalle Corrections, as defendants. Rule 17(b) of the Federal Rules of Civil Procedure provides that the "capacity to sue or be sued shall be determined by the law of the state in which the district court is held." Fed. R. Civ. P. 17(b). Thus, Louisiana law governs whether WCC has the capacity to be sued. Under Louisiana law, an entity must qualify as a

4

"juridical person" in order to be sued. This term is defined by the Louisiana law as "an entity to which the law attributes personality, such as a corporation or partnership." La. Civ. Code art. 24. A review of the Louisiana Secretary of State's corporation database suggests that WCC is not a corporation, and Walker has not established otherwise. Because WCC is not a juridical person, it does not have the capacity to be sued.

A prison management corporation, such as LaSalle Corrections, may be sued under 42 U.S.C. § 1983 "for alleged constitutional injury because the operation of a prison is a fundamental government function." Olivas v. Corr. Corp. of Am., 408 F. Supp. 2d 251 (N.D. Tex. 2006), aff'd, 215 F. App'x 332 (5th Cir. 2007) (citing Rosborough, 350 F.3d at 461). The test to determine the liability of a private corporation performing a government function is essentially the same as that employed to determine municipal or local government liability. Id. That is, the private prison management corporation must implement unconstitutional policies that caused the plaintiff's injury. See Piotrowski v. City of Houston, 237 F.3d 567, 578 (5th Cir. 2001); Mouille v. City of Live Oak, Tex., 977 F.2d 924, 929 (5th Cir. 1992). Walker has not identified an unconstitutional policy of LaSalle Corrections that caused him to suffer a constitutional violation.

To the extent that Walker seeks to hold LaSalle Corrections liable for the actions of its employees, his claim fails because there is no vicarious liability under § 1983. See Olivas, 408 F. Supp. 2d at 255.

III.  Conclusion

For the foregoing reasons, IT IS RECOMMENDED that Walker's § 1983 complaint be DENIED and DISMISSED with prejudice under §§ 1915(e)(2)(b) and 1915A.

Under the provisions of 28 U.S.C. § 636(b)(1)(c) and Fed.R.Civ.P. 72(b), parties aggrieved by this Report and Recommendation have fourteen (14) calendar days from service of this Report and Recommendation to file specific, written objections with the Clerk of Court. A party may respond to another party's objections within fourteen (14) days after being served with a copy thereof.  No other briefs (such as supplemental objections, reply briefs, etc.) may be filed.  Providing a courtesy copy of the objection to the undersigned is neither required nor encouraged. Timely objections will be considered by the District Judge before a final ruling.

Failure to file written objections to the proposed findings, conclusions, and recommendations contained in this Report and Recommendation within fourteen (14) days from the date of its service, or within the time frame authorized by Fed.R.Civ.P. 6(b), shall bar an aggrieved party from attacking either the factual findings or the legal conclusions accepted by the District Judge, except upon grounds of plain error.

THUS DONE AND SIGNED in chambers in Alexandria, Louisiana, this 10th day of November, 2016.

_____
Joseph H.L. Perez-Montes
United States Magistrate Judge